RECEIVED

AUG 1 4 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IRA KERRY | CIVIL ACTION NO. 6:16-CV-01658 |
| V. | JUDGE DOHERTY |
| SEARS ROEBUCK AND CO. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Pending before the court is "Defendant's Motion to Dismiss Plaintiff's Claims with Prejudice" [Rec. Doc. 18], filed by defendant Sears, Roebuck and Co. ("Sears"). While this matter was previously dismissed without prejudice during a show cause hearing at open court on May 24, 2017 [Rec. Doc. 17], Sears requests dismissal of this action with prejudice. Considering this Court's prior order granting Sears permission to request dismissal with prejudice at least thirty days after the previous show cause hearing, and the plaintiff's failure to prosecute his claims and comply with this Court's orders, this Court grants Sears' motion.

**I.   Procedural History**

Plaintiff Ira Kerry filed this suit in the 15th Judicial District Court for the Parish of Lafayette, Louisiana on October 14, 2016, alleging personal injuries stemming from an incident that occurred on March 6, 2016 in one of the defendant's stores in Lafayette, Louisiana. [Rec. Doc. 1] Sears removed the case to this Court on December 1, 2016 [Id.] and filed an Answer on December 5, 2016. [Rec. Doc. 5] A Scheduling Order was issued on December 13, 2016. [Rec. Doc. 7]

On January 26, 2017, counsel for Mr. Kerry filed an Unopposed Motion to Extend the Rule 26(f) Report (Phase I) and Joinder of Parties and Amendment of Pleadings Deadlines [Rec. Doc.

1

8], averring that counsel would be filing a motion to withdraw, and requesting time for Mr. Kerry to retain new representation. The Motion to Extend was granted, and the Rule 26(f) Report (Phase I) and Joinder of Parties and Amendment of Pleadings Deadlines were extended. [Rec. Doc. 9] Plaintiff's counsel filed a motion to withdraw on January 31, 2017. [Rec. Doc. 10] The motion was granted, and this Court ordered Mr. Kerry, within thirty days, to either enroll new counsel or declare in writing his intent to proceed *pro se* in this matter, noting that failure to comply would place Mr. Kerry at risk his suit would be dismissed. [Rec. Doc. 11]

When the deadline passed with no action by Mr. Kerry, this Court ordered him to appear on April 20, 2017 to show cause why he should not be held in contempt for failure to comply with this Court's order. [Rec. Doc. 12] Before the date of the hearing, Sandra Franklin – averring that she is Mr. Kerry's daughter – sought a telephone conference with this Court to discuss the status of this matter and to request additional time for Mr. Kerry to obtain representation. [Rec. Doc. 14] A status conference was held April 19, 2017, at the conclusion of which this Court continued its Rule to Show Cause hearing to May 24, 2017. [Id.] Again, the Court ordered Mr. Kerry to appear to indicate whether he had obtained counsel or would be proceeding *pro se*. [Id.]

Neither Mr. Kerry nor anyone claiming to represent him appeared at the show cause hearing on May 24, 2017, which was attended only by counsel for Sears. [Rec. Doc. 17] Counsel for Sears made an oral motion to dismiss, which this Court granted without prejudice. [Id.] This Court further ordered that once thirty days had passed after the issuance of the minutes of the show cause hearing, counsel for Sears would be allowed to move this Court for dismissal with prejudice. [Id.] More than thirty days have passed since the show cause hearing, and counsel for Sears has now moved for dismissal with prejudice.

2

Neither Mr. Kerry nor anyone claiming to represent him has contacted the Court since the status conference on April 19, 2017, nor has any other forward motion been made on this matter. The deadline to file objections to Sears' motion to dismiss has passed, and no objection has been lodged.

## II. Discussion

Under Fed.R.Civ.P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits." The Fifth Circuit has recognized dismissal with prejudice "is the severest sanction possible," and is only appropriate as a response to failure to prosecute or comply with court orders if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." Atl. Sounding Co. v. Fendlason, 555 F. App'x 378, 380 (5th Cir. 2014). Furthermore, "dismissal with prejudice is a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney," and "advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions." Id.

No progress has been made on this matter since the time Mr. Kerry became unrepresented. Mr. Kerry has twice failed to appear as ordered, and has twice failed to comply with this Court's order to give notice whether he intends to proceed *pro se* or has been able to obtain representation. These delaying actions were those of the plaintiff, rather than counsel, and Mr. Kerry has been given multiple warnings that failure to comply with court order might result in the dismissal of his suit. This Court thus finds he has thus failed to prosecute his claims and has failed to comply with court orders, which previously resulted in the dismissal of this matter without prejudice. Given

3

that Mr. Kerry is unrepresented, this Court has extended him multiple opportunities to ensure that any valid claims he seeks to bring can progress, opportunities of which Mr. Kerry has not availed himself.

Considering the facts and law described above, this Court finds that dismissal with prejudice is appropriate, and grants Sears' motion therefor.

IT IS HEREBY ORDERED this matter is DIMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __14__ day of __August__, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE